UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Shenzhen Xinxiangming Optoelectronics Co., Ltd.,<br><br>*Plaintiff*,<br><br>v.<br><br>Flip It Cap LLC,<br><br>*Defendant*. | **Case No. 2:25-cv-2740**<br><br>**Complaint for Declaratory Judgment**<br><br>**Jury Trial Demand** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Xinxiangming Optoelectronics Co., Ltd. d/b/a ARKNOAH-US ("ARKNOAH-US") ("Plaintiff"), against Defendant Flip It Cap LLC ("Defendant"), seeking a declaration that Plaintiff's pack bottle emptying cap (the "Accused Product") does not infringe U.S. Design Patent No. 734,668 S ("the D'668 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

### NATURE OF THE ACTION

-1-

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

1. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continue to cause significant harm to Plaintiff, as the Accused Product is at risk of being removed from Amazon through enforcement of the D'668 Patent.

## PARTIES

2. Plaintiff Shenzhen Xinxiangming Optoelectronics Co., Ltd. is a company organized under the laws of the People's Republic of China, with a principal place of business located at Shenzhen City, Guangdong Province, China.

3. Upon information and belief, Defendant Flip It Cap LLC is a limited liability company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business at 991 Providence Highway, #1157, Norwood, MA 02062, USA.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

5. An actual case or controversy exists between the parties. Defendant caused Amazon to take enforcement action against Plaintiff's listing (ASIN B0DPXG12TW) based on a patent-infringement report identifying the asserted IP as U.S. Design Patent No. D734,668. Defendant's enforcement activities and Amazon's enforcement mechanisms have disrupted Plaintiff's sales and continue to place Plaintiff's listings and ability to sell the Accused Product under an ongoing threat of renewed removal or suppression, thereby creating a continuing cloud over Plaintiff's U.S. business and giving rise to an actual controversy under 28 U.S.C. § 2201 et seq.

6. This Court has specific personal jurisdiction over Defendant at least because Defendant purposefully directed patent-enforcement activities into this District by initiating and prosecuting an Amazon patent-enforcement proceeding against Plaintiff's accused Amazon listing, which foreseeably caused enforcement communications and actions by Amazon personnel located in Seattle, Washington, including removal of Plaintiff's listing and disruption of Plaintiff's sales. Such extra-judicial enforcement efforts aimed at causing marketplace takedowns within the forum constitute purposeful direction sufficient for specific jurisdiction. See, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008). Each claim arises directly out of Defendant's enforcement conduct directed at this forum, establishing minimum contacts consistent with Washington's long-arm statute, RCW 4.28.185, and due process.

7. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE FACTUAL BACKGROUND

8. Plaintiff designs, sources, and sells pack bottle emptying cap products on Amazon.com and other ecommerce channels. Plaintiff has invested substantial resources in developing its listings, inventory, and customer relationships.

9. On November 25, 2025, Amazon issued Plaintiff a policy warning and notified Plaintiff that it had removed Plaintiff's listings for ASIN B0DPXG12TW based on a report alleging patent infringement, identifying the asserted IP as "D734668." Amazon's notice further identified: Infringement type: Patent; Complaint ID: 18911507661. Amazon explained that it removed the listings because it "received a report from a rights owner that the product on the listing violates their utility (Design) patent rights" and advised that Plaintiff could contest the action through Amazon's appeal process. *See* **Exhibit B**.

10. Plaintiff disputes Defendant's allegations and denies that the Accused Product infringes the D'668 Patent. As of the time of filing, Amazon had not removed the asserted violation or reinstated the affected listings based on the information then available.

11. Defendant's infringement report and the resulting Amazon enforcement action, including the removal of Plaintiff's listing, have caused and continue to cause immediate and concrete harm to Plaintiff, including lost sales (and chilled prospective sales), damage to goodwill, disruption to inventory and advertising planning, diversion of resources to address the complaint and appeal, and ongoing business uncertainty given the continuing risk of renewed enforcement

12. Amazon is Plaintiff's primary sales channel in the United States for the Accused Product. To remain competitive, Plaintiff must maintain its product listings on Amazon. Defendant's enforcement conduct has already resulted in marketplace removal and continues to place Plaintiff's listings at risk of further disruption or renewed removal, threatening to cut off access to Plaintiff's most significant channel of trade and causing ongoing harm that is not readily quantifiable in damages.

### The D'668 PATENT

13. The D'668 Patent was filed on February 17, 2014, and issued on July 21, 2015. A true and correct copy of the D'668 Patent is attached hereto as **Exhibit A**.

14. The D'668 Patent is entitled "Fitment Adaptor" and claims an ornamental design for a fitment adaptor.

15. Upon information and belief, Defendant is the owner of the D'668 Patent.

### COUNT I
### (Declaratory Judgment of Non-Infringement of the D'668 Patent)

16. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

17. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning whether Plaintiff's Accused Product infringes U.S. Design Patent No. D734,668 (the "D'668 Patent"), as evidenced by Defendant's enforcement activities directed to Plaintiff and Plaintiff's listing, as set forth above. A judicial declaration is necessary to determine the parties' respective rights with respect to the D'668 Patent.

18. Plaintiff's Accused Product does not infringe the D'668 Patent because, under the ordinary-observer test, the Accused Product does not embody the same overall ornamental design as the D'668 Patent. *See* **Exhibit C**.

19. The D'668 Patent is entitled "Fitment Adaptor" and claims an ornamental design for a fitment adaptor, as shown in Figures 1–5.

20. Under the ordinary observer test applicable to design patents, an ordinary observer familiar with fitment adaptor designs would not be deceived into believing that Plaintiff's Accused Product is the same as, or substantially the same as, the ornamental design claimed in the D'668 Patent.

21. The Accused Product creates a different overall visual impression than the D'668 design. Among other differences, the Accused Product's overall perimeter presentation and proportions differ from the D'668 design's clean, continuously annular, predominantly circular appearance; the Accused Product's top view reflects a more structurally articulated interior appearance; the Accused Product's bottom view includes conspicuous molded surface markings absent from the D'668 design; and the Accused Product's side profile appears thicker and more heavily articulated than the streamlined, uniform ring-like profile depicted in the D'668 Patent.

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

22. Because the Accused Product does not appear substantially the same as the ornamental design claimed in the D'668 Patent when the designs are considered as a whole, Plaintiff does not infringe the D'668 Patent.

23. Defendant's enforcement activities have caused and continue to cause immediate and irreparable harm to Plaintiff, including by placing Plaintiff's listings and ability to sell the Accused Product at risk of removal or continued suppression.

24. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding Plaintiff's non-infringement of the D'668 Patent.

25. Plaintiff seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the Patent Laws of the United States, 35 U.S.C. § 101 et seq., that Plaintiff's Accused Product does not infringe U.S. Design Patent No. D734,668 (the "D'668 Patent").

26. Plaintiff is also entitled to recover damages caused by Defendant's unlawful conduct as may be proven at trial and as permitted by applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  For judgment in favor of Plaintiff against Defendant on all claims.

B.  Declaring that Plaintiff's Accused Product does not infringe the ornamental design claimed in the D'668 Patent;

C.  A finding that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

D.  Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

COMPLAINT

GLACIER LAW LLP
506 Second Avenue, Suite 1516
SEATTLE, WA 98104
212-729-5049

E.    Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

F.    Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

G.    Awarding pre- and post- judgment interest; and

H.    Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: December 30, 2025

By: /s/ *Ruoting Men*
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

***Counsel for Plaintiff***